UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 26-cv-80895-McCabe

MELANIE BERES,

Plaintiff,

v.

CITY OF WEST PALM BEACH et al,

Defendants.

_________________________________/

**REPORT & RECOMMENDATION**

THIS CAUSE comes before the Court on Plaintiff's pro se Application to Proceed in District Court Without Prepaying Fees or Costs. (DE 3). Plaintiff also filed a Notice advising that she does not consent to magistrate judge jurisdiction. (DE 6). By separate Order entered contemporaneously with this Report and Recommendation, the undersigned has directed the Clerk of Court to reassign this case to a United States District Judge. To facilitate the newly assigned District Judge's consideration of the pending Application, the undersigned issues this Report and Recommendation. For the reasons set forth below, the undersigned **RECOMMENDS** that Plaintiff's application (DE 3) be **DENIED WITHOUT PREJUDICE**.

## I. DISCUSSION

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may, upon a finding of indigency, authorize the commencement of an action without prepayment of costs, fees, or security. Courts enjoy broad discretion over such applications to proceed in forma pauperis. *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983). Before granting relief, a court must first examine "the applicant's assets

and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Circ.*, 574 F. App'x 916, 917 (11th Cir. 2014).

Upon review of Plaintiff's application, the Court cannot determine whether Plaintiff meets the necessary financial standards to proceed in forma pauperis. Plaintiff reports that she received no income from any source during the preceding twelve months and expects no income during the next months. (DE 3 at 1-2). In her attached explanation, Plaintiff acknowledges that she received alimony during part of the preceding twelve months. (DE 3 at 7). She does not disclose the amount of those payments or when they ended. Plaintiff also refers to a Special Needs Trust and reports $120 held in a Wells Fargo Irrevocable Living Trust. (DE 3 at 2, 5). Plaintiff does not make clear whether the disclosed $120 represents the total value of the trust, whether the trust pays any of her living expenses directly, or whether it serves as a source of income. Moreover, Plaintiff reports $3,930 in monthly expenses despite reporting no monthly income. (DE 3 at 4-5). Given Plaintiff's reported lack of income and limited cash or bank funds, the Court cannot determine how Plaintiff pays these monthly expenses.

These omissions and inconsistencies prevent the Court from conducting a meaningful review of Plaintiff's financial condition. The Court therefore cannot determine whether Plaintiff lacks the financial resources to pay the filing fee. Accordingly, the application should be denied without prejudice.

## II. RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** that Plaintiff's Application for Leave to Proceed in Forma Pauperis (DE 3) be **DENIED WITHOUT PREJUDICE**.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THE PARTY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 4th day of August 2026.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE