**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 26-80895-CIV-CANNON/McCabe**

**MELANIE BERES**,

Plaintiff,

v.

**CITY OF WEST PALM BEACH,**
**PALM BEACH COUNTY,** and
**WELLPATH LIQUIDATING TRUST**,

Defendants.
___________________________________/

**ORDER ACCEPTING REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTIONS TO PROCEED *IN FORMA PAUPERIS*, AND REQUIRING FILING FEE**

**THIS CAUSE** comes before the Court upon the Report and Recommendation, issued by Magistrate Judge Ryon M. McCabe (the "Report") [ECF No. 8], which recommends denying without prejudice pro se Plaintiff's first Motion for Leave to Proceed *in forma pauperis* (the "First IFP Motion") [ECF No. 3]; and Plaintiff's third Motion for Leave to Proceed *in forma pauperis* (the "Third IFP Motion") [ECF No. 15].[1] The Court has reviewed the Report, the First IFP Motion, the Third IFP Motion, and the full record.[2] Upon review, the Report is **ACCEPTED**, the First IFP Motion is **DENIED**, and the Third IFP Motion is **DENIED**. Plaintiff shall pay the required filing fee on or before **September 11**, **2026**. Failure to do so will result in dismissal of this action without further notice.

---

[1] The Court struck Plaintiff's second Motion for Leave to Proceed *in forma pauperis* (the "Second IFP Motion") [ECF No. 11] because it lacked a handwritten signature in violation of Rule 11(a) [ECF No. 14 (citing Fed. R. Civ. P. 11(a))].

[2] Plaintiff has not filed any objections to the Report, and the time for doing so has passed [*see* ECF No. 8 p. 3].

## RELEVANT BACKGROUND

Plaintiff initiated this action on July 27, 2026, filing both a Complaint [ECF No. 1] and the First IFP Motion [ECF No. 3]. Pursuant to Administrative Order 2025-11, Plaintiff's case was directly assigned to Magistrate Judge McCabe [ECF Nos. 2, 5]. Plaintiff thereafter objected to magistrate judge jurisdiction [ECF No. 6], so Magistrate Judge McCabe granted reassignment to this Court on August 4, 2026 [ECF No. 7]. Along with reassigning the case, Magistrate Judge McCabe also issued the Report, recommending that the First IFP Motion be denied without prejudice due to "omissions and inconsistencies" which made it impossible to "determine whether Plaintiff meets the necessary financial standards to proceed *in forma pauperis*" [ECF No. 8 pp. 2–3 (emphasis added)].

On August 12, 2026, Plaintiff filed her Second IFP Motion [ECF No. 11, along with a Supplemental Declaration in Support [ECF No. 12]. Both of these filings lacked a handwritten signature in violation of Rule 11(a), however, leading the Court to strike both [ECF No. 14 (citing Fed. R. Civ. P. 11(a))].

On August 20, 2026, Plaintiff filed the instant Third IFP Motion [ECF No. 15]. Plaintiff attests that she receives $850 a month in alimony, received $1,133 this month in both alimony and public assistance, incurs $3,498 in monthly expenses, which includes $300 in "admin/mail/legal" expenses, has a vehicle worth $7,500, and has a "Special Needs Trust" with $49,000 [ECF No. 15].[3]

---

[3] In the Supplemental Declaration stricken for lack of a handwritten signature [ECF No. 12 ¶ 3], Plaintiff attests that the Special Needs Trust makes payments for Plaintiff's "living needs, necessary bills, and emergency expenses."

## LEGAL STANDARD

**Review of Magistrate Judge Orders**

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784.

**Motions to Proceed *in forma pauperis*.**

A court may authorize a party to proceed *in forma pauperis* ("IFP") in any suit so long as the party complies with the prescriptions of 28 U.S.C. § 1915(a).[4] The Court "'has wide discretion in denying an application to proceed [*in forma pauperis*] under 28 U.S.C. § 1915. This is especially true, the rubric goes, in civil cases for damages, wherein the courts should grant the privilege sparingly.'" *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004) (quoting *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1972)). "To be sure, proceeding IFP in a civil case is a privilege, not a right—fundamental or otherwise." *Daker v. Jackson*, 942 F.3d 1252, 1257 (11th Cir. 2019) (quotation omitted). "The burden is upon the applicant to establish *in forma pauperis* status." *Robinson v. Purses*, 919 F.2d 141 (6th Cir. 1990)

[4] "Despite [§ 1915's] use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004) (citation omitted).

(unpublished table decision); *see also Walker v. People Exp. Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit.").

When considering an IFP motion, the Court "may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014) (citation omitted). An IFP motion "will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (footnote omitted) (citation omitted). As part of this analysis, courts may consider "funds . . . derived from family sources." *Sellers v. United States*, 881 F.2d 1061, 1063 (11th Cir. 1989) (citation omitted); *see also Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend." (quotations omitted)).

## DISCUSSION

### I. The Court accepts the Report and denies without prejudice the First IFP Motion.

Plaintiff has not filed any objections to the Report. The Court thus applies clear error review to the Report. *See Macort*, 208 F. App'x at 784. Upon such review, the Court finds the Report to be well reasoned and correct. For the reasons set forth in the Report [ECF No. 8], the Court accepts the Report and denies the First IFP Motion without prejudice. The Court, however, does not provide Plaintiff with another chance to file an IFP motion because, as already discussed,

Plaintiff has already filed a renewed, the Third IFP motion [ECF No. 15]. The Court now turns to that Third IFP Motion.

**II. The Court denies the Third IFP Motion because Plaintiff has failed to meet her burden to establish that she is unable both to pay for the court fees and costs and to support and provide necessities for herself**.

Plaintiff's Third IFP Motion demonstrates that Plaintiff has not met her burden to establish IFP status. Namely, Plaintiff has failed to demonstrate that she, "because of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [herself] and [her] dependents." *See Martinez*, 364 F.3d at 1307 (footnote omitted) (quotation omitted). In light of the $49,000 Special Needs Trust from which she pays her personal expenses and the $850 in monthly recurring alimony, the Court cannot say that Plaintiff has met the burden to establish poverty. Further, Plaintiff attests to a *monthly* recurring expense of $300 for "admin/mail/legal," which is only $105 short of the one-time $405 filing fee. Thus, in light of these finances, Plaintiff has not demonstrated that she "is unable to pay the costs of [her] suit." *See Walker*, 886 F.2d at 560. Plaintiff's Third IFP Motion is denied.

**CONCLUSION**

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Report [ECF No. 8] is **ACCEPTED**.
2. Plaintiff's First IFP Motion [ECF No. 3] is **DENIED WITHOUT PREJUDICE**.
3. Plaintiff's Third IFP Motion [ECF No. 15] is **DENIED**.
4. On or before **September 11, 2026**, Plaintiff must pay the required filing fee, *see* https://www.flsd.uscourts.gov/court-fees.
5. **Failure to timely pay the filing fee by September 11, 2026**, **will result in dismissal of the case without further notice**.

**ORDERED** in Chambers at Fort Pierce, Florida, this 21st day of August 2026.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

Melanie Beres (via CM/ECF) [*see* ECF No. 4]